UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA E. VALDES,

Plaintiff,

CIVIL ACTION NO. 09-CV-10153

v.

DISTRICT JUDGE DENISE PAGE HOOD
MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_____________________________/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

* * *

Plaintiff filed an application for Social Security disability insurance benefits on January 3, 2002[1], alleging that she had been disabled and unable to work since October 8, 1998, at age 31, due to severe left knee pain. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on February 14, 2008[2], before Administrative Law Judge (ALJ) Bennett

[1] Plaintiff filed a prior application for disability insurance benefits in December 1998, alleging the same disability as the present application. Benefits were denied by the SSA following an administrative hearing before a Law Judge (TR 41-50) and not pursued further.

[2] An earlier hearing before ALJ Engelman was held in February 2004, which resulted in a decision to deny disability benefits (TR 30-31). The ALJ's decision was affirmed by the Appeals Council in May 2005 (TR 5-7). This Court remanded the action in October 2006, for further administrative proceedings to include vocational expert testimony in order to determine whether alternative jobs existed in the national economy that claimant could

Engelman. The ALJ subsequently found that the claimant was not entitled to disability benefits prior to December 31, 2004, when her insured status expired, because she retained the ability to perform a restricted range of sedentary work providing a sit-stand option in a clean air environment. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 47 years old at the time her insured status expired in December 2004 (TR 70, 74). She had been graduated from high school, and had been employed as a school custodian during the relevant past (TR 82, 244). Plaintiff's custodial job required her to stand for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 50 pounds on a regular basis (TR 82). Claimant stopped working in October 1998, due to severe left knee pain[3] (TR 243).

Claimant testified that she was disabled as a result of severe left knee pain that prevented her from sitting, standing or walking for prolonged periods (TR 244, 247). Despite undergoing three knee surgeries, Plaintiff doubted that she could stand for longer than 15 minutes or walk more than a block (TR 245, 251). The claimant estimated that she could lift a gallon of milk, but did not think she could lift a 10 pound bag of potatoes (TR 252). As a result of chronic knee pain, the claimant said that she was not able to do any heavy household chores or go grocery shopping (TR 245, 248). Pain medications provided

---

have performed, given her non-exertional limitations (TR 321-335).

[3]Plaintiff settled a workers compensation claim in 2000 for $42,000 after deductions for attorney fees and expenses (TR 378).

only temporary relief (TR 246), and she needed to lie down several times a day to help alleviate her pain symptoms (TR 249, 252). Plaintiff also had trouble pushing, pulling, squatting and reaching over her head (TR 252).

A Vocational Expert, Stephanee Leech, classified Plaintiff's past work as heavy, semi-skilled activity (TR 358). The witness testified at the remand hearing in February 2008, that there would not be any jobs for claimant to perform if her testimony were fully accepted[4] (TR 383). If she were capable of sedentary work, however, there were numerous unskilled office clerk, receptionist and surveillance monitor jobs that she could still perform with minimal vocational adjustment (TR 381). These simple, routine jobs allowed a sit-stand option, and were performed in relatively a clean air environment (TR 380-381).

ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired as a result of arthritic left knee pain, but that this condition was not severe enough to meet or equal the Listing of Impairments. The ALJ recognized that the claimant's impairment precluded her from performing jobs that did not allow a sit-stand option. The Law Judge further determined that the claimant was limited to clean air working environments, prior to December 31, 2004, when her insured status expired. Nevertheless, he found that Plaintiff retained the residual functional capacity to perform a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert[5].

---

[4]The witness testified that claimant's alleged need to take frequent breaks throughout the day, due to her joint pain and chronic fatigue, would preclude all work activity (TR 383-384).

[5]Contrary to Plaintiff's assertion, the Law Judge properly complied with the Sixth Circuit ruling in Drummond v. Commissioner, 126 F.3d 837 (6th Cir. 1997). The Drummond

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

---

court held that "when the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by his determination absent changed circumstances." Id. at 842. In the instant case, ALJ Engelman expressly stated that he was bound by the findings of previous ALJ decisions since there were no new and additional evidence or changed circumstances that would have provided a basis for a different finding (TR 297).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of sedentary work activity. She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration all of her functional limitations. Defendant counters that the claimant retained the residual functional capacity for a reduced range of sedentary work prior to December 31, 2004, because the objective clinical evidence of record did not confirm the disabling nature of her arthritic knee pain or asthma condition.

INSURED STATUS REQUIREMENT FOR DIB BENEFITS

A "period of disability" can only commence while an applicant is fully insured. 42 U.S.C. § 416(I)(2). The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on December 31, 2004, and thus she cannot be found disabled unless she can establish a disability prior to that date. Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982). Evidence relating to a later time period is only minimally probative, Siterlet v. Secretary, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). In other words, regardless of the seriousness of her present disability, Plaintiff must prove that she was disabled between October 8, 1998, her alleged onset date, and December 31, 2004, when her insured status expired, in order to be entitled to DIB benefits. Garner v. Heckler, 745 F.2d 383, 390 (6th Cir. 1984).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of

sedentary work prior to December 31, 2004. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling left knee pain.

The medical record contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to leg pain. An orthopedic examination of claimant's left knee by Dr. Bruce Lawrence in September 2000, revealed no angular deformity. In the seated position, there was active quadricep function, and the range of knee motion was possible to 130 degrees. There was no joint effusion in the supine position, and only mild tenderness to palpation of the knee joint (TR 137).

Dr. Douglas Benton, claimant's treating physician, stated in April 2000, that chronic left knee pain prevented claimant from lifting more than 15 pounds or performing any climbing, twisting or bending (TR 174). In a progress report dated September 2004, the treating doctor stated that Plaintiff had normal ranges of joint motion. Plaintiff told the doctor that she was doing well and feeling better. Dr. Benton added that the claimant wished to reduce the strength and dose of Oxycotin, a prescription pain medication (TR 230).

Dr. Martha Pollock evaluated Plaintiff in April 2002, and noted a lack of abnormalities upon inspection of her neck, chest, heart, abdomen and extremities (TR 184). The doctor found no joint instability, enlargement or effusion. Grip strength remained intact, and her dexterity was not impaired. While Plaintiff walked with a moderate limp, she had no difficulty getting on and off the examining table (TR 184). Left knee flexion was moderately reduced, but extension was normal. Significantly, motor and sensory function were intact, and there were no signs of muscle atrophy (TR 185). A state agency consultant, who reviewed the updated medical record in May 2002, concluded that Plaintiff

was unable to climb ladders, ropes, or scaffolds, and could only occasionally kneel, crouch and crawl (TR 189).

Contrary to Plaintiff's assertion, the issue is not whether the ALJ properly labeled her impairments as severe or non-severe, but whether the Administrative Law Judge adequately included all functional limitations from those impairments into his residual functional capacity (RFC) evaluation. In the instant case, the claimant has failed to point to any medical opinion, or other evidence demonstrating additional work-related limitations, ignored by the Administrative Law Judge.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

Plaintiff relies heavily upon the fact that Dr. Benton subsequently opined in February 2008, that her "limitations [would] likely disrupt a regular job schedule" for at least 100 hours a month (TR 373). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by

substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Benton offered no objective evidence to support his statement of disability, his opinion need not have been given any special weight[6]. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments during the relevant period. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with her significant impairments, the Vocational Expert testified that there were numerous unskilled office clerk, receptionist and surveillance monitor jobs that she could still perform with minimal vocational adjustment (TR 381). These simple, routine jobs allowed a sit-stand option, and were performed in relatively clean air environments[7] (TR 380-381). Given the objective clinical findings of the examining

[6]The ALJ rejected the doctor's disability opinion, setting forth persuasive reasons for doing so. The ALJ expressed concern about the lack of medical documentation to support any disability. In his fill-in-the-blanks form letter, Dr. Benton providing minimal explanation for his conclusion that Plaintiff would need frequent interruptions in her work routine (TR 302). The ALJ reasonably determined that Dr. Benton's 2008, opinion conflicted with the medical record as a whole, including the doctor's own treatment notes, and was not supported by objective medical record.

[7]The Administrative Law Judge's hypothetical questions to the Vocational Expert accurately described Plaintiff's moderate limitations caused by her knee pain and breathing

physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

---

difficulties. The ALJ reasonably determined that claimant's on-going joint discomfort limited her to simple, unskilled, routine type jobs providing a sit-stand option in a clean air environment (TR 380-381). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: December 31, 2009

---

**CERTIFICATE OF SERVICE**

I hereby certify on December 31, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 31, 2009: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217